IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RODNEY HAYES,

        Plaintiff,

v.                               CIVIL ACTION NO.   2:15-cv-07588

BAYER CROPSCIENCE, LP, et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the defendants' Motion to Consolidate Separate Civil Actions [ECF No. 5]. The defendants seek to consolidate this case; *Hall v. Bayer CropScience, LP, et al.*, No. 2:15-cv-7589 ("*Hall*"); and *Swiger v. Bayer CropScience, LP, et al.*, No. 2:15-cv-7593 ("*Swiger*"). The plaintiff did not respond to the motion. For the reasons discussed below, the court **GRANTS** the defendants' Motion to Consolidate.

**I.**     **Legal Standard**

Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, this court may consolidate actions pending before it if the actions involve a common question of law or fact. Additionally, the court may issue any other orders to avoid unnecessary cost and delay. Fed. R. Civ. P. 42(a)(3). Whether to consolidate actions for trial is committed to the trial court's discretion. *Arnold v. E. Air Lines, Inc.* 681 F.2d 186, 192 (4th Cir. 1982), *rev'd on other grounds*, 712 F.2d 899 (4th Cir. 1983). When cases involve common witnesses, identical evidence, and similar issues, judicial economy generally favors consolidation. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85

(2d Cir. 1990). The court, however, must weigh this interest in judicial economy against any prejudice or confusion consolidation might entail. *Arnold*, 681 F.2d at 193. The critical issue for this court is whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned. *See id*.

## II.     Discussion

The plaintiff's Complaint is nearly identical to those filed in the *Hall* and *Swiger* actions. The kinship shared among these actions is substantial: (1) each action makes a claim for severance pay in the amount of $25,000; (2) each action asserts a violation of the West Virginia Wage Payment and Collection Act; (3) each actions seeks specific remedies under the Act; (4) each action has the same legal counsel appearing; and (5) each action arises out of the same set of operative facts.

The plaintiff in this case will not be prejudiced by consolidation. The evidence necessary for all three cases will be substantially the same and the application of the law is identical. Consolidation will reduce the risk of inconsistent jury verdicts and would not likely present any risk of confusion. As to minor differences of fact, the court may easily instruct the jury as to factual distinctions among the cases.

Consolidating these cases will guard against unnecessary costs and delays. Proceeding with one trial in this matter will prevent the expenditure of precious judicial resources that would otherwise be spent on three separate trials with identical claims against identical defendants. The parties will also benefit from this economization because time and expense will not be tripled by the need to conduct three separate—yet so similar—trials.

### III. Conclusion

After considering the similarity between the three actions, the court **FINDS** that the actions involve common questions of law and fact. Noting the plaintiff's lack of opposition, the Court **GRANTS** the defendants' Motion to Consolidate [ECF No. 5] and **ORDERS** these cases to be consolidated: *Hayes*, No. 2:15-cv-07588; *Hall*, No. 2:15-cv-7589; and *Swiger*, No. 2:15-cv-7593. **Civil Action No. 2:15-cv-07588 (*Hayes*) shall be designated as the lead case, and the matter shall proceed under that styling.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 9, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE