IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RODNEY HAYES, et al.,

        Plaintiffs,

v.                                  CIVIL ACTION NO.  2:15-cv-07588

BAYER CROPSCIENCE, LP, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the defendants' Motion to Dismiss [ECF No. 22], which was filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For reasons more fully discussed herein, the defendants' Motion is **GRANTED**.

I.      **Factual and Procedural Background**

The plaintiff, Douglas Swiger, II, was employed by the Bayer Cropscience, LP ("Bayer") at its Institute, West Virginia facility. Compl. ¶ 13 [ECF No. 1-1][1]. The plaintiff worked as a chemical operator for Bayer and was a union member covered by the terms of a collective bargaining agreement ("CBA") between Bayer and District 54 of the International Association of Machinists and Aerospace Workers, AFL-CIO, effective June 11, 2012, through June 14, 2015. Compl. ¶ 13; s*ee also* Defs.' Mem. Supp. Mot. Dismiss 2 [ECF No. 8]. Steve Hedrick is a vice president for Bayer and is the top executive at Bayer's facility in Institute, West Virginia. Compl. ¶ 3.

---

[1] The plaintiff's case was initially filed a case No. 2:15-cv-07593. The CM/ECF numbers referenced in the fact and background section of this Memorandum Opinion and Order refer to the initial docket sheet.

Around the middle of 2012, Bayer announced it would be discontinuing certain production lines at its facility, and some 220 employees were expected to lose their employment as a consequence. Compl. ¶ 10. Bayer, after negotiating with the plaintiff's union, decided it would offer a Voluntary Severance Plan, which was intended to lessen the negative financial impact on certain affected Bayer employees. Compl. ¶ 11; *see also* Defs.' Mem. Supp. Mot. Dismiss 2. The terms and conditions of the Voluntary Severance Plan are spelled out in Appendix D of the CBA and Letter Agreement IX, which were incorporated into the CBA with union approval. Notice of Removal ¶ 10(b) [ECF No. 1]; *see also* App. D 54–56 [ECF No. 1-2]; Ltr. Agr. IX at 89–90 [ECF No. 1-2].

On June 27, 2012, Hedrick issued a memorandum to all employees at the Bayer Institute Industrial Park. The memorandum concerned the timing of layoffs. Mem. to Emps. 1 [ECF No. 1-1]. The plaintiff believes that the memorandum "promised that Bayer would pay the [p]laintiff $25,000 for voluntarily resigning his employment position if he stayed until at least July 30, 2012." Compl. ¶ 15. Acting on this belief, on July 5, 2012, that he would like to volunteer for layoff. Compl. ¶ 17. On July 14, 2012, the plaintiff's supervisor advised him that the plaintiff would be needed at the facility "indefinitely." Compl. ¶ 23. Nonetheless, the plaintiff resigned from his employment with Bayer on August 19, 2012. Compl. ¶ 27.

The plaintiff filed his Complaint against the defendants in the Circuit Court of Kanawha County, West Virginia, on April 28, 2015, alleging the defendants violated the West Virginia Wage Payment and Collection Act ("WPCA"). Compl. ¶¶ 30–34. The plaintiff seeks $25,000 in compensatory damages, $75,000 in liquidated damages under the WPCA; and attorney fees.

Compl. ¶¶ 33–34. The defendants timely removed this action to federal court on June 11, 2015, asserting this court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II.     Legal Principles

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedures permits defending parties to submit a motion to dismiss a complaint for its "failure to state a claim upon which relief can be granted." "Rule 12(b)(6) is the successor of the common law demurrer . . . and is a method of testing the sufficiency of the statement of the claim for relief." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1349 (3d ed. 2015). "The basic test on a motion to dismiss is whether the complaint, with all the well-pleaded material facts taken as true and construed in the light most favorable to the plaintiff, sets forth facts sufficient to state a legal claim." 61A Am. Jur. 2d *Pleading* § 531 (2015) (footnotes omitted); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (observing that Rule 12(b)(6) motions do not resolve contests surrounding the facts, merits of the claim, or other defenses). "[T]o withstand a motion to dismiss, a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Painter's Mill Grille, LLC, v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.     Discussion

The court previously ruled in this case that the plaintiff's claim requires a review of the collective bargaining agreement to determine whether he is entitled to the severance pay he seeks under the WPCA, causing his claim to be preempted by § 301 of the Labor Management

Relations Act ("LMRA"), 29 U.S.C.§ 185. Mem. Op. & Order 10 (Oct. 5, 2015) [ECF No. 18].

Accordingly, the court **INCORPORATES** the legal reasoning and analysis contained in its

previous Memorandum Opinion and Order.

The sole legal basis for the plaintiff's claim is an alleged violation of the WPCA. Compl.

¶¶ 26–30. Claims that require interpretation of a collective bargain agreement are completely

preempted by § 301 of the LMRA. *Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 772 (4th

Cir. 1998). "Section 301 was enacted with the understanding that federal labor law doctrines

would uniformly prevail over inconsistent state law." *Id*. at 772.

Claims made under the West Virginia WPCA are preempted by federal law when a

collective bargaining agreement must be interpreted. *See, e.g., Ellison v. UPS, Inc.*, No. 5:12-cv-

05490, 2012 WL 6026490, at \*3–6 (S.D. W. Va. Dec. 4, 2012) (deciding that a plaintiff's

complaint should be dismissed due to LMRA preemption of his WPCA claim); *Elswick v.*

*Daniels Elec. Inc.*, 787 F. Supp. 2d 443, 446–48 (S.D. W. Va. 2011) (holding that a plaintiff's

claim under the WPCA was completely preempted by the LMRA); *Barton v. Creasey Co. of*

*Clarksburg*, 718 F. Supp. 1284, 1285–88 (S.D. W. Va. 1989) (granting a motion to dismiss a

plaintiff's WPCA claim on preemption grounds). Thus, because the plaintiff's claim relies

entirely on the WPCA and because WPCA claims are preempted when § 301 of the LMRA

applies, the court **FINDS** that the plaintiff has failed to state a claim upon which relief can be

granted.

## IV.    Conclusion

For the reason discussed herein, the defendants' Motion to Dismiss [ECF No. 22] is

**GRANTED**. The case is **DISMISSED without prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        February 4, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5